**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSSETTS**

Anil Chawla                                          )
(Founder, Boston Sargam)                )
  (**Plaintiff**)                                        )
                                                              )
            V.                                           )
                                                              )
Swathi Subramanian                            )
Board of Director, Boston Sargam       )
Swaraag, Inc.                                       )
Jointly and severably                          )
  (**Defendants**)                                   )
                                                              )
                                                              )

**COMPLAINT**

1.  Complaint by plaintiff arises out of defendants'

    (a) Knowingly false and defamatory activities.

    (b) Unlawful conspiracy by defendants to harm plaintiff's website

        bostonsargam.org (Boston Sargam) and Facebook account.

    (c) Unlawful and intentional interference to take over plaintiff's website,

        Boston Sargam Organization, Youtube and Facebook page.

    (d) Improper and wrong conduct without justification or evidences.

    (e) Hiding bank account information, falsefully self-appointing herself as

        president of Boston Sargam organization.

    (f) Sabotaging activities.


2.  This action is also brought for declaratory infringement relief, in a

    controversy relating to trademarks under the trademark laws of the United

States. Pursuant to 28 U.S.C Section 1331 (federal question), this court has
jurisdiction under Section 43(a)(1) of the Lanham Act 15 U.S.C. §
1125(a)(1), 28 U.S.C. Section 1338(b) (unfair competition claim joined with
trademark issues), 15 USC 1120 (false representation) and 15 U.S.C. §
1125(d) (violation of "ACPA" act by defendant)

**The Parties:**

3. Plaintiff, Anil Chawla is an individual residing at Shrewsbury,
   Massachusetts.

4. Defendant, Ms. Swathi Subramanian is residing at Hopkinton,
   Massachusetts.

5. Swaraag, Inc. is operated by defendant Ms. Swathi Subramanian who is
   residing at Hopkinton, Massachusetts.

**Jurisdiction and Venue:**

6. Venue is also proper in the District of Massachusetts pursuant to 28 U.S.C.
   §1391(b)(2) because a substantial part of the events giving rise to this
   action occurred in this District.  This Court has jurisdiction pursuant to 28
   U.S.C. §1331.

**Facts:**

7. My name is Anil Chawla and I live at 91 Oak Street, Shrewsbury
   Massachusetts.

8. I am the founder of an organization named Boston Sargam.  It was founded
   in the beginning of January 2010 and I involved two co-founders whose
   names are Swathi Subramanian and Tej Singh.

9.  Subsequently I registered two domain names www.bostonsargam.org and www.bostonsargam.com by using my personal credit card in January 2010.

10. Purpose of this organization is to organize cultural events – to facilitate, showcase & uplift art, dance, music, comedy & all exceptional talent expressions of the South Asian Community to greater levels.

11. Since 2010, I raising funds and sponsorships to pay for different activities of this organization which included marketing, publicity, sound and lighting promotional materials and trophies for the participants.

12. In the month of April 2010, I decided to file corporation with the Secretary of State, Massachusetts. According to mutual understanding I, Anil Chawla as a founding member was designated to be the President and a board of member for this organization. Swathi Subramanian and Tej Singh were designated to be other Board of members of this organization.

13. Amongst the three of us, I, Anil Chawla had spent most of the time in getting and designing the logo made for this organization, including custom made shirts/caps and other promotional materials such as name tags, badges, gobos, posters, brochures and flyers etc.

14. In order to run this organization, we made a core committee of about 25 people as organizational volunteers.

15. As of now, same core team and volunteers are helping this organization.

16. Swathi Subramanian behavior starting becoming too controlling with time and she wanted to get the things done only in her own ways. At numerous times, she refused to consult even myself as a founder of the organization.

Her over controlling behavior made almost every member of core team
uncomfortable.

17. In 2012, the defendant mentioned that she found a sponsor who would to
cover the major cost of renting facilities for Littleton Performing Arts Center
(usually in the range of $7,000). On this issue the defendant decided to
provide a concrete plan but she chose to keep plaintiff in dark about such
matters. Defendant also asked me to keep this matter confidential from our
core group but it was hard for plaintiff to understand motives to this matter.

18. Defendant insisted plaintiff to fire/get rid of members of our core group. On
account of all effort and time the members had put into this organization,
plaintiff disagreed and tried to handle the matter in a collegial and
respectful manner.

19. Defendant slowly decided secretly to change company's profile. Plaintiff is
not aware of any meeting on June 3, 2012 among board of members.
Defendant lied to secretary of State that plaintiff voted 2/0 on that day for
company profile changes.

20. Plaintiff did not authorize defendant to become President of Boston Sargam
(from Vice President) but on June 29, 2012 defendant self appointed herself
as President and appointed plaintiff as a Vice-President and SIGNED these
documents UNDER THE PENALTIES OF PERJURY. Plaintiff was kept in full
dark about such changes. Plaintiff did not vote for such changes. Defendant
did not have any consent about these issues from plaintiff or from any of

team members.  Defendant never shared or provided any documentation

pertaining to By Laws and copies that were submitted to IRS.

21. Plaintiff's home address was listed with the Secretary of State, IRS as official

address but defendant decided to have a PO Box address of her choice

instead and against the wish of plaintiff.

22. Thereafter she informed the Bank, IRS , Secretary of State and PayPal to

send any communication directly to PO box address.

23. This was very frustrating to be totally cut off from receiving any

communication from above institutions.  Every time plaintiff went to pick up

the mail, there was nothing there.  Defendant lived nearby to the PO Box

location was picking up the mail before plaintiff could access.

24. During the month of September 2012, a meeting was held at plaintiff

residence with presence all core members.  Defendant decided to handle the

sale of ticketing from the website (www.bostonsargam.org) but soon after

that meeting she kept all ticket sale under her control.  She refused to reveal

or share any information with any member of the organization.

25. Plaintiff objected to this matter but defendant chose to ignore such matters

whenever any questions were raised.

26. Plaintiff was deprived key information about participants and their email

contacts.  The Plaintiff and the entire organizational committee were also

sidelined about selection of the judges for auditions and the main event.

27. According to the ticketing chart of the auditorium, it was expected that the

total sales would be in the amount of $12,000.  Our group members had

spent a lot of time in designing the auditorium colored seating chart and projected this much of sale if the show has to be sold out. Team members had assigned limited seats for VIP's/Judges. Plaintiff was provided with only two guest names for these VIP seats and was intimated whenever any question was asked about seats for volunteers and their spouses.

28. Fortunately, show on October 13, 2012 was sold out with no empty seats left inside the auditorium. Plaintiff had worked very hard prior to the event and fully collaborated with the defendant and synchronized various tasks with defendant and team (like editing videos etc. for the show which were done at his residence). However, one day before the event the defendant said, "you will not give name tags/badges to volunteers." This was meant to intimidate plaintiff that any team of volunteers or core team will not be welcomed at venue and should not be present around registration tables. This was also meant to keep ticketing process fully secret and under her control.

29. Based on such unusual circumstances, plaintiff had to request volunteers (who always helped Boston Sargam) not to attend the event. Few volunteers, who showed up, had tough and embarrassing moments as their duties were taken away. As a surprise, defendant appointed few new volunteers on the event day to show that she is in command and control.

30. After the event, all requests to discuss the expenses and accounts were avoided/ignored. As of now, plaintiff has no idea about the revenue from the so-called "sold out show".

31. Defendant refused any requests for a meeting to discuss the account and financial status. On October 30th, 2012, defendant changed password (without consents or knowledge from plaintiff) for the control panel of the website, www.bostonsargam.org.   Plaintiff had to spend a lot of time and discussions with legal department of the website company (Netfirms.com) to regain access to the organization website and password.

32. Plaintiff wrote defendant in the past expressing concerns on the work ethics, lies, manipulations, and over controlling behaviors but she chose not to respond.

33. After the event, plaintiff was shocked to know that according to the bank statement, the total sale from the tickets was deposited than $3,000. Plaintiff had invested about $10,000 via own resources in the year 2012-13. Surprisingly, as of November 22, 2012 bank accounts showed a balance of less than $1000. Core team members requested plaintiff to be transparent about ticket sale and expenses etc.

34. Defendant never shared any important information to such maters, bank statement and plaintiff was always kept in complete dark.

35. On 24th November 2012, Plaintiff struck off plaintiff's name even from the joint account by presenting herself as the president of the organization and defendant deprived plaintiff of any rights to run his own organization.

36. Netfirms (hosting company of www.bostonsargam.org) legal department had to involve a high level security to protect password and sent a notice to

defendant that unless there are court orders, she won't be allowed to access control panel or passwords.

37. Youtube channel took a decision in my favor and defendant was denied to access video channels. Defendant had misused the password that I provided to her in good faith. She changed the passwords twice of by deleting plaintiff's name.

## INTENTIONAL INTERFERENCE

38. In March, 2013 defendant reserved domain names from GoDaddy.com which are, "boston-sargam.org", "boston-sargam.net", "boston-sargam.com", "bostonsargaminc.org", "bostonsargaminc.net" and "bostonsargaminc.com. Defendant copied exact same information from Boston Sargam website and started to claim that she is representing official and legitimate operator of websites. These website were meant to directly sabotage activities by Boston Sargam (www.bostonsargam.org) which are under plaintiff and team since 2010. Defendant chose to have a similar event by using above 6 new domain names. As provided in 15 U.S.C. § 1125(d)(1)(B)(viii), acquiring multiple domain names is violations of "ACPA" act. Defendant knowingly acted in a bad faith by acquiring similar and confusing names to dilute and sabotage activities of BostonSargam.org

39. In order to sabotage plaintiff activities, defendant would not hesitate in manipulating the matter to any extent - and she would rent same places that plaintiff intended to rent (like venue of event and auditions). Manager of the Double Tree by Hilton communicated in writing that defendant had

informed Hotel authorities that she would be the authorized person to talk about rental place for auditions. Surprisingly defendant deposited money to block plaintiff from taking a date of a venue which was reserved under plaintiff name. Defended will trick event managers that she is acting on behalf of same organization (Boston Sargam) and therefore hand over money to block plaintiff from renting the facilities.

40. For unknown reasons, defendant is no longer holding auditions at DoubleTree hotel by Hilton that she planned on October 12, 2013. In fact plaintiff had booked that place but defendant deposited the money and blocked plaintiff from using those facilities. Plaintiff raised concerns to Hotel authorities about such maltreatment by defendant.

41. Based upon US trademark for Boston Sargam (REG 4371876 under the name of Anil Chawla), GoDaddy.com, web host provider for defendant websites ("boston-sargam.org", "boston-sargam.net", "boston-sargam.com", "bostonsargaminc.org", "bostonsargaminc.net" and "bostonsargaminc.com) warned plaintiff about violations of a trademark and copyright because plaintiff had copied exact information in all of these websites.

42. Finally, Defendant decided to reserve a domain name swaraag.org. Plaintiff was not even aware of Swaraag.org but GoDaddy.com was watching activities of defendant and blocked even this website in August 2013. Defendant may have copied all information from BostonSargam.org website.

43. Plaintiff did not stop copying the contents from Boston Sargam.org. Seeing duplicate information at two websites confused many people and participants and started to complain about such confusion.

44. Despite warning and Trademark and copyright violations, defendant did not stop copying the contents from BostonSargam.org. After another warning by GoDaddy, defendant chose to change the server to Canada (VimHost) because according to VimHost, US copyright or trademark does not apply at that place.

**Swaraag copied following information from Boston Sargam (bostonsargam.org):**

a. Use of pictures or distorting pictures that have been taken from BostonSargam.org

b. Copying list of Music and Dance winners of Boston Sargam from BostonSargam.org

c. Copying same style contents to Swaraag from website (www.BostonSargam.org) and website layout (buttons and style)

d. Copying pictures of Boston Sargam and displaying via a button at the bottom of Swaraag website

e. Use of similar style of forms for table/booths and auditions and encouraging people to download these similar forms.

f. Use of exact same buttons and similar inside contents for: About

us, Feedback, Rules, Forms, Links, Photos, 2010 Stars etc.

Any of our team members or plaintiff have not authorized to use or copy any information from bostonsargam.org to any new website.

45. This was meant to use a good will of Boston Sargam to attract audience/participants and to sabotage and dilute activities of Boston Sargam

46. On September 16th, defendant tried to sabotage Facebook account for Boston Sargam and succeeded in removing some pictures from Facebook of Boston Sargam. For records, plaintiff never copied any information from Swaraag website.

47. On September 18, 2013, Facebook informed plaintiff that according to section 512(g)(2) of the Digital Millennium Copyright Act ("DMCA"), matter **need to be addressed to Federal Court ASAP**.

48. Defendant is still using websites "boston-sargam.org", "boston-sargam.net", "boston-sargam.com", "bostonsargaminc.org", "bostonsargaminc.net" and "bostonsargaminc.com" and these are directly **pointing** to Swaraag.org. As provided in 15 U.S.C. § 1125(d)(1)(A), defendant knowingly acted in a bad faith to divert a traffic from a good will of well known Boston Sargam to Swaraag.

49. In a summary, defendant has been treated disrespectfully and in extreme controlling manner in 2012 – some of the shocking things include breech of trust and abuse to organization, like changes password for Youtube video

channel (early 2012), hijacking of Facebook account that plaintiff had

created (summer 2012), illegal changes (without my knowledge and

quorum) regarding the company's profile at Secretary of State official site

where plaintiff was removed from President position (summer 2012)

followed by complete elimination of plaintiff name from the board of

members, refusal to provide after event account information and revenue

collection from tickets sale,  and then going to the bank and removing

plaintiff name from the joint account.

## Request for Jury Trial:

50. Plaintiff respectfully requests a jury trial on all issues.

**WHEREFORE,** the Plaintiff respectfully requests this honorable District Court:

51. To issue an interlocutory JUDGEMENT and DECREE, pursuant to 28 U.S.C.

§2201, that plaintiff's registration and use of the domain name

"bostonsargam.org" or "bostonsargam.org" is lawful under the Consumer

Protection Act, 15 U.S.C.  §1125(d).

52. To issue a JUDGEMENT that the defendant, Ms. Swathi Subramanian is

required to transfer the registration and all related domain names back to

plaintiff, Mr. Anil Chawla.

53. To issue a JUDGEMENT that the defendant violated "ACPA" act by

registering several exact domain names (deliberately similar to plaintiff's

website) to sabotage "bostonsargam.org".  Defendant, Ms. Swathi

Subramanian should surrender all such names such as "boston-sargam.org",

"boston-sargam.net", "boston-sargam.com", "bostonsargaminc.org",

"bostonsargaminc.net" and "bostonsargaminc.com". If defendant is holding any other names that are related to Boston Sargam, she should disclose such information. According to GoDady there are three more domain names (about Boston Sargam) under he control by Defendant.

54. Plaintiff should be permitted to take full control of the organization as a president and defendant should make corrections to secretary of stage filings that were done illegally and without any knowledge of plaintiff.

55. Plaintiff should to be allowed to recover the expenses of attorney (if I hired to handle this case)

56. To grant any such and further punitive damages as the Court deems just and proper. The plaintiff reserves the right to amend the complaint about damages.

57. Plaintiff should be compensated for the loss of his personal goodwill reputation and defamation resulted from defendant activities that include hiding the bank account information.

58. Plaintiff also requests honorable court to provide injunctive relief towards any further sabotaging behavior toward activities organized by Boston Sargam.

59. To issue JUDGEMENT that the defendant should stop using goodwill of Boston Sargam to promote her program activities, because general public is very confused once they see similar information posted at Boston Sargam and Swaraag.

**Respectfully submitted on September 20, 2013**

Signature: 

Name:          Anil Chawla

Address:       91 Oak Street, Shrewsbury, MA 01545