UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANIL CHAWLA,<br>       Plaintiff,<br><br>v.<br><br>SWATHI SUBRAMANIAN, and<br>SWARAAG, INC.,<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 13-40113-TSH |

**MEMORANDUM AND ORDER OF DECISION**
**January 11, 2016**

**HILLMAN, D.J.**

**Background**

Plaintiff, Anil Chawla ("Chawla") has filed suit against Swathi Subramanian ("Subramanian") and Swaraag, Inc. alleging claims for infringement of intellectual property rights (trademarks), harassment, fraud and defamation. Chawla's claims relate to Defendants' alleged interference with his operation of Boston Sargam ("Sargam")[1], an organization formed for the purpose of organizing cultural events showcasing the talents of the South Asian Community. More specifically, Chawla alleges that Subramanian, who was a board member of Sargam along with himself and Tej Singh ("Singh"): (1) unilaterally and without proper

---

[1] The original Complaint was brought on behalf of Chawla and Sargam; Chawla, who is the president of Sargam, represented both parties, *pro se*. Chawla was informed by the Court that a corporation must be represented by counsel. *See* LR, D.Mass. 83.5.5. Counsel was obtained for Sargam for the sole purpose of participating in a mediation. When the mediation was unsuccessful, counsel withdrew and Sargam did not engage new counsel. Chawla, who is not an attorney, was again informed by the Court that he could not represent Sargam's interests. Thereafter, Chawla filed a motion to amend his complaint to name himself, individually, as the sole Plaintiff. That motion was allowed. Therefore, the operative pleading is the Amended Complaint (Docket No. 63).

appointed herself as president of Sargam and filed false documents with the Secretary of State reflecting this change; (2) changed Sargam's designated address with the Internal Revenue Service, the Secretary of State and PayPal from Chawla's address to a P.O. Box address to which she had greater access; (3) kept information important to the organization from Chawla and other core members; (4) took responsibility away from core members and assigned them to people who answered only to her; (5) refused to share financial information with Chawla and kept he and other core members in the dark regarding profits and expenses relating to events and unilaterally having his name stricken as an authorized signer on the Sargam's bank account; (6) unilaterally changed the password permitting access to the website, www.bostonsargam.org.; (7) reserved domain names similar to "bostonsargam.org" in an attempt to dilute and sabotage Sargam's activities by holding similar events and activities to those of Sargam; (8) representing to facility owners that she was acting on behalf of Sargam, while in reality, she was blocking Chawla from acting on Sargam's behalf; and (9) violating Sargam's/Chawla's copyrights by copying style and contents from bostonsargam.org and using it on other websites controlled by her.

This Memorandum of Decision and Order addresses, Defendant Swathi Subramanian's and Swaraag Inc.'s Motion For Summary Judgment (Docket No. 70), which is *denied* for the reasons set forth below. Also addressed are Plaintiff's motions to compel answers to interrogatories and production of documents (Docket Nos. 75 and 79), which are denied, except to the limited extent provided below.

## Discussion

This Court's jurisdiction is based on Plaintiff's assertion that Defendants have violated the Lanham Act, 15 U.S.C. §1051, *et seq.* and infringed his copyright. If prior to trial I

determine that Plaintiff's federal claims fail, then I do not intend to exercise jurisdiction over the remaining state law claims. For that reason, I will focus on whether Plaintiff's federal claims survive. Additionally, I generally make findings of fact based on the assertions made by parties in their submissions, *i.e.*, the moving parties statement of material facts and opponent's statements of facts in dispute in accordance with LR, D.Mass. 56.  In this case, however, I will not make any separate findings of fact, but instead, will during the course of my discussion, refer briefly to those disputed facts which, based on the parties' submissions, compel denial of Defendants' summary judgment motion.

*Plaintiff's Cyberpiracy Prevention Act Claim*

Section 1125(d) (the Cyberpiracy Prevention Act or "CPA") provides in relevant part as follows:

> **(1)(A)** A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—
>
> **(i)** has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
>
> **(ii)** registers, traffics in, or uses a domain name that--
>
> **(I)** in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
>
> **(II)** in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or
>
> **(III)** is a trademark, word, or name protected by reason of section 706 of Title 18 or section 220506 of Title 36.

15 U.S.C.A. § 1125.

I have grave doubts as to whether Chawla has a valid claim for violation of the CPA.   In the first instance, it is not clear on this record who has the right to assert this claim, Chawla,

individually, or Sargam.  If the latter, the Defendants are entitled to summary judgment.  However, Subramanian focuses her legal argument on the fact that she "believed" that the bostonsargam.org domain name was registered by the corporation.  She then argues that after she and Chawla had a falling out, as an officer of the corporation, she registered the derivative domain names, *i.e.*, "boston-sargam.org," "boston-sargam.net," "boston-sargam.com," "bostonsargaminc.org," bostonsargaminc.net" and bostonsargaminc.com," in order to protect the integrity of Sargam's corporate name.  First, I do not find the ownership of the domain name bostonsargam.org to be an undisputed fact based on Subramanian's "belief" or recollection.  Furthermore, the evidence that Chawla submitted on this issue, although sufficient to create an issue of fact for purposes of Defendants' motion,  is inconclusive.

     Subramanian's contends that it is undisputed that during the relevant period, she was an officer of Sargam and argues that in that capacity, she acted in good faith on behalf of the corporation.  In their statement of material facts, Defendants assert that Subramanian had been an officer of the corporation since its inception.  However, the initial filing lists her as a director; she did not hold a corporate office other than clerk. The November 1, 2010 and November 1, 2011, annual reports list Chawla as president and director and Subramanian as treasurer, clerk, vice president and director. On June 29, 2012, articles of amendment to the articles of organization were filed by Subramanian listing her as president, vice president and clerk; the filing noted that 2 members of the board of directors had approved the amendment.  Annual reports filed on October 31, 2012 and  November 1, 2014 list her as president, vice-president, clerk, treasurer and sole director. However, Chawla alleges that she filed the amendments and annual reports without authorization and she was never properly elected or appointed to those offices.  That there is a factual dispute as to whether Subramanian validly holds any corporate

office undermines her arguments that she was authorized to act for the corporation, that she cannot be found to have acted in bad faith, and that she had the right to use Sargam's corporate property on her website Swaraag.org.  Therefore, Defendants' motion for summary judgment on Chawla's CPA claim is denied.

### *Plaintiff's DMCA Claim*

The DMCA provides that '[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement ... provide copyright management information that is false.' Section 1202(b) further states that

> '[n]o person shall, without the authority of the copyright owner or the law—(1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law ... knowing ... that it will induce, enable, facilitate, or conceal an infringement of any right under this title. Copyright management information (CMI) includes, among other things, the title of the work, the author of the work, the name of the copyright owner, or other information set forth in a copyright notice. A cause of action under § 1202 may lie whenever copyright management information, 'conveyed in connection with copies ... of a work ... including in digital form,' is falsified or removed.

*Photographic Illustrators Corp. v. Orgill, Inc.*, No. CV 14-11818-PBS, 2015 WL 4572296, at *6-7 (D. Mass. July 29, 2015)(internal citations omitted).  The Court again] has grave doubts as to whether Chawla has a valid claim under the DMCA.  First, it is unclear as to whether Chawla, in his individual capacity, has the right to bring this claim.  Additionally, given the allegations in the Amended Complaint, it does not appear that Chawla complied with the statutory pre-requisites to obtaining relief.  However, Defendants do not address this claim in their motion for summary judgment and therefore, at present, the claim survives.

### *Another Bite Of the Apple*

Because this Court's jurisdiction is based on the federal claims asserted by Chawla, I am going to give the parties a final opportunity to address whether Chawla has asserted valid claims

under the CPA and DMCA.  On or before February 8, 2016, the parties may file motions for summary judgment on Chawla's CPA and DMCA claims.  Oppositions must be filed by February 22, 2016.   In connection with their motions/oppositions, the parties must filed evidence which establishes: (1) who own the rights to the domain name "bostonsargam.org," and (2) whether Subramanian was *a duly elected* officer of Sargam. If the proper supporting evidence is not filed, the Court will make its decision based on the current record in light of which party bears the burden of proof with respect to such party's claim/defense.[2]   The parties are on notice that the Court will not allow any extensions for the filing of the motions or oppositions.

*Plaintiff's Motions To Compel and Provision of Domain Name Information*

The Court is not inclined to allow any further discovery prior to addressing the parties' further motions for summary judgment.  Therefore,  Plaintiff's motions to Compel Defendants' answers to interrogatories and documents (Docket Nos. 75 and 79) are denied, *except that*, to the extent they have not already done so, Defendants shall provide Chawla with all documents or other evidence relating to Subramanian's appointment as president, vice-president, clerk, treasurer and sole director of Sargam, including, without limitation, corporate minutes[3]. Furthermore, on or before January 29, 2016, Chawla shall provide the Defendants with all documents and other evidence establishing that *he, individually,* holds the ownership rights to the domain name bostonsargam.org.

---

[2] If I find that either federal claims survives, I will then address Defendants' motion for summary judgment as to Chawla's state law claims without the necessity for further briefing.

[3] In her initial interrogatory answers, Subramanian suggests that her election/appointment to such offices was not done pursuant to formal corporate procedures.  She does mention e-mails and conversations between the parties relating to this issue. Copies of any e-mail and formal documentation not previously provided shall be forwarded to Chawla in accordance with this Order. If she does not have copies of the same, Subramanian should submit a sworn affidavit to Chawla and with her motion for summary judgment setting for the substance of the e-mails and conversations.

**Conclusion**

1. Defendants' Motion For Summary Judgment (Docket No. 70) is ***denied***.

2. Plaintiff's Motion To Compel Defendants To Answer Plaintiff's Interrogatories and Documents (Docket Nos. 75 and 79) are ***denied***, except as provided herein.

> ***/s/ Timothy S. Hillman***
> TIMOTHY S. HILLMAN
> DISTRICT JUDGE