UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANIL CHAWLA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 13-40113-TSH |
| SWATHI SUBRAMANIAN, and | ) | |
| SWARAAG, INC., | ) | |
|     Defendants. | ) | |

## SUPPLEMENTAL MEMORANDUM AND ORDER OF DECISION
### April 19, 2016

**HILLMAN, D.J.**

### Background

Plaintiff, Anil Chawla ("Chawla") has filed suit against Defendants, Swathi Subramanian ("Subramanian") and Swaraag, Inc. alleging claims for infringement of intellectual property rights (copyright), harassment, fraud and defamation. Chawla's claims relate to Defendants' alleged interference with his operation of Boston Sargam ("Sargam")[1], an organization formed for the purpose of organizing cultural events showcasing the talents of the South Asian Community. More specifically, Chawla alleges that Subramanian, who was a board member of Sargam along with himself and Tej Singh ("Singh"): (1) unilaterally and without proper

---

[1] The original Complaint was brought on behalf of Chawla and Sargam; Chawla, who is the president of Sargam, represented both parties, *pro se*. Chawla was informed by the Court that a corporation must be represented by counsel. *See* LR, D.Mass. 83.5.5. Counsel was appointed for Sargam for the sole purpose of participating in a mediation. When the mediation was unsuccessful, counsel withdrew and Sargam did not engage new counsel. Chawla, who is not an attorney, was again informed by the Court that he could not represent Sargam's interests. Thereafter, Chawla filed a motion to amend his complaint to name himself, individually, as the sole Plaintiff. That motion was allowed. Therefore, the operative pleading is the Amended Complaint (Docket No. 63).

authority appointed herself as president of Sargam and filed false documents with the Secretary of State reflecting this change; (2) changed Sargam's designated address with the Internal Revenue Service, the Secretary of State and PayPal from Chawla's address to a P.O. Box address to which she had greater access; (3) kept information important to the organization from Chawla and other core members; (4) took responsibility away from core members and assigned them to people who answered only to her; (5) refused to share financial information with Chawla and kept he and other core members in the dark regarding profits and expenses relating to events and unilaterally having his name stricken as an authorized signer on the Sargam's bank account; (6) unilaterally changed the password permitting access to the website, www.bostonsargam.org.; (7) reserved domain names similar to "bostonsargam.org" in an attempt to dilute and sabotage Sargam's activities by holding similar events and activities to those of Sargam; (8) representing to facility owners that she was acting on behalf of Sargam, while in reality, she was blocking Chawla from acting on Sargam's behalf; and (9) violating Sargam's/Chawla's copyrights by copying style and contents from bostonsargam.org and using it on other websites controlled by her.

On January 11, 2016, I issued a Memorandum of Decision and Order (Docket No. 80)("Prior Decision") denying Defendants Swathi Subramanian's and Swaraag Inc.'s Motion For Summary Judgment (Docket No. 70) in which I allowed the parties to file supplemental motions for summary judgment. This Memorandum of Decision and Order addresses the parties' supplemental filings: Plaintiff's Reply In Support Of His Claims (Docket No. 81) and Defendants, Swathi Subramanian And Swaraag Inc.'s Supplemental Memorandum In Support Of Motion For Summary Judgment Pursuant to Judge Hillman's Order Dated January 11, 2016 (Docket No. 82).

**Discussion**

This Court's jurisdiction is based on Chawla's assertion that Defendants have violated the Lanham Act, 15 U.S.C. §1051, *et seq.* and infringed his copyright. More specifically, he alleges claims against the Defendants for violation of the Cyberpiracy Prevention Act ("CPA"), 15 U.S.C. §1125(d) and Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §512(c)(3). In my Prior Decision I indicated that if I determine that Chawla's federal claims fail, then I do not intend to exercise jurisdiction over the remaining state law claims. Essentially, the viability of Chawla's claims rests on whether the domain the bostonsargam.org domain name belongs to Plaintiff or the corporation, Sargam. An additional material question of fact is whether Subramanian, as a properly appointed corporate officer of Sargam, had the right to register the derivative domain names, *i.e.*, "boston-sargam.org," "boston-sargam.net," "boston-sargam.com," "bostonsargaminc.org," bostonsargaminc.net" and bostonsargaminc.com."

Chawla has submitted documentary evidence that he purchased the domain name bostonsargam.org using his personal credit card and disputes whether Subramanian was properly appointed as an officer. Subramanian has submitted an affidavit *signed under pains and penalties of perjury* in which she avers that Chawla was reimbursed by Sargam for payments made on the corporation's behalf, including the registration of the domain name and that all parties considered the domain name to belong to Sargam. An E-mail written by Chawla referencing a budget for updates to the website and ad revenue etc. relating to the website support a finding that the website was owned by Sargam. Additionally, while not all corporate formalities were followed (which is not surprising considering Sargam is a small non-profit being run by persons who were not business professionals), Subramanian's sworn affidavit

makes clear that she was validly approved as an officer, that she followed protocol when changing the corporate address, and that Chawla was aware of these changes.

To the extent that Chawla attempts to dispute these factual contentions, he does so in an unsworn memorandum. A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  Unsworn allegations made in a pleading or memorandum are not enough to oppose a properly supported motion for summary judgment.  *See Goguen v. Allan,* 780 F.3d 437, 458 n.58 (1st Cir. 2015); *see also Bennett v. Saint-Gobain Corp*. 453 F.Supp.2d 314 (D.Mass. 2006)(statements submitted in unsworn memoranda are not admissible).  Moreover, "pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules." *Id.* (citing *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 n. 2 (1st Cir. 2000)).  Therefore, based on the evidentiary record before me, I find that there are no genuine issues of material fact and that Defendants are entitled to summary judgment on Chawla's CPA and DMCA claims, as a matter of law.[2]

Summary judgment shall enter for the Defendants on Plaintiff's federal claims. Having dismissed all claims over which this Court has original jurisdiction, I decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## Conclusion

For the reasons stated herein, summary judgment shall enter for Defendants, Swathi Subramanian and Swaraag, Inc. on the federal law claims for violation of the Cyberpiracy Prevention Act, 15 U.S.C. §1125(d) and Digital Millennium Copyright Act, 17 U.S.C.

---

[2] As to the DMCA claim, I find that any such claim would have to be brought by Sargam. Moreover, in my Prior Decision, I stated that I had grave doubts as to whether Chawla had met the pre-requisites for filing a claim under the DMCA, but denied summary judgment because the Defendants had failed to address the issue.  For the reasons stated in Defendants' supplemental memorandum, I find that Chawla has failed to state a claim for violation of the DMCA.

4

§512(c)(3), asserted by the Plaintiff, Anil Chawla.  The Court declines to exercise jurisdiction over Plaintiff's state law claims, which are hereby dismissed, without prejudice.  Judgement shall enter for the Defendants.

                                                 */s/ Timothy S. Hillman*  
                                                 TIMOTHY S. HILLMAN  
                                                 DISTRICT JUDGE